IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES W. BAXTER,<br>Plaintiff | )<br>)<br>) | C.A. No. 16-290 Erie |
| v | )<br>) | |
| MAGISTERIAL DISTRICT JUDGE<br>DJ HAMMER, et al.,<br>Defendants | )<br>)<br>)<br>) | **District Judge Fischer**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motions to dismiss filed by Defendant Kallenbach [ECF No. 23] and Defendant Hammer [ECF No. 26] be granted, and that said Defendants be terminated from this case.

### II.    REPORT

#### A.    Relevant Procedural History

On November 30, 2016, Plaintiff Charles W. Baxter, an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania, initiated this civil rights action by filing a *pro se* complaint [ECF No. 3] against the following Defendants: Magisterial District Judge Scott B. Hammer (erroneously identified by Plaintiff as "DJ Hammer") ("Hammer"); Northeast Police Department ("Northeast P.D."); and Kevin Kallenbach, Esquire ("Kallenbach"). Nine days later, Plaintiff filed an amended complaint [ECF No. 5], which essentially raises the same allegations and claims against the same Defendants, although in a different format; nonetheless, the amended complaint

1

is deemed to have superseded the original complaint and is the operative pleading in this case against the original Defendants. On March 14, 2017, this Court granted Plaintiff leave to file a supplemental complaint to add a new Defendant, Officer Sean Michael Lam of the Northeast P.D. ("Lam"), and to append allegations and claims against Defendant Lam, only. [ECF No. 20, 21].[1]

Although Plaintiff's allegations are piecemeal and lack clarity, Plaintiff appears to be alleging claims of false arrest/imprisonment and/or malicious prosecution against Defendants Northeast P.D., Hammer, and Lam; a claim in the nature of legal malpractice against Defendant Kallenbach; and a claim of defamation against Defendant Lam. It is unclear whether Plaintiff intends to raise these claims under state or federal law. Nonetheless, the Court will construe Plaintiff's false arrest/imprisonment and malicious prosecution claims as Fourth Amendment claims under 42 U.S.C. § 1983, <u>Albright v. Oliver</u>, 510 U.S. 266 (1994), while Plaintiff's defamation and legal malpractice claims will be construed as state law claims. As relief for his claims, Plaintiff seeks monetary damages.

On March 16, 2017, Defendant Kallenbach filed a motion to dismiss [ECF No. 23], arguing, *inter alia*, that Plaintiff fails to state a claim against him upon which relief may be granted. On March 23, 2017, Defendant Hammer filed a motion to dismiss [ECF No. 26], arguing, *inter alia*, that Plaintiff's claim against him is barred by the doctrine of absolute judicial immunity. Plaintiff has since filed a reply to each of Defendants' motions [ECF Nos. 29, 35].

---

[1] According to the docket, although a new service order was issued on April 4, 2017 [ECF No. 31], Defendant Lam has not yet been served in this matter and no attorney has entered an appearance on his behalf.

This matter is now ripe for consideration.[2]

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the

---

[2] The Court notes that Defendant Northeast P.D. has inexplicably failed to file any response to Plaintiff's complaint, even though the docket indicates that legal counsel entered an appearance on behalf of said Defendant on February 21, 2017. [ECF No. 18]. As a result, Plaintiff's allegations and claims against Defendant Northeast P.D. will not be considered herein.

speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the

court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Defendant Kallenbach

Plaintiff alleges that Defendant Kallenbach, "in an attempt, tried to get me to take a plea over the telephone, and also swore at me as a result. He stated he would not let my wife drop the charges, and lastly, he found me assumed guilty before speaking to me regarding my case." (ECF No. 5, Amended Complaint, at ¶ 2). To the extent Plaintiff is attempting to assert a civil rights claim against Defendant Kallenbach under 42 U.S.C. § 1983, Defendant Kallenbach argues that any such claim must be dismissed because public defenders are not state actors and, thus, are not liable under 42 U.S.C. § 1983. The Court agrees.

It is well-settled that a "public defender does not act under color of state law [within the meaning of Section 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982); Cooper v. Turner, 1987 WL 11481 at *1 (E.D.Pa. May 27, 1987). See also Briscoe v, LaHue, 460 U.S. 325, 330 (1983)("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner ... the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983"). Here, the alleged actions or omissions of Defendant Kallenbach fall within the ambit of a lawyer's traditional function as criminal defense counsel. Thus, Defendant Kallenbach was not acting under color of state law and is, thus, not subject to liability under 42 U.S.C. § 1983.

More pertinently, Plaintiff's allegations against Defendant Kallenbach appear to raise a claim in the nature of legal malpractice. As such, it is a pendent state law claim under Pennsylvania law, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Defendant Kallenbach is not subject to liability under 42 U.S.C. § 1983, this Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claim against the same Defendant. Moreover, even if this Court chose to exercise supplemental jurisdiction over Plaintiff's legal malpractice claim, said claim would still be subject to dismissal because Plaintiff has failed to attach a Certificate of Merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. See Abdulhay v. Bethlehem Medical Arts, L.P., 2005 WL 2416012, at *5

(E.D.Pa. Sep. 28, 2005), citing Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000) (concluding that "Pa.R.Civ.P. 1042.3 constitutes substantive Pennsylvania law which is applicable in federal courts"). As a result, Plaintiff's claim against Defendant Kallenbach should be dismissed.

### 2. **Defendant Hammer**

Plaintiff alleges that Defendant Hammer "would not allow me, as the victim of this motion to drop charges and/or listen to my side of the events. He wanted to proceed without my council [sic] present, and threatened to charge me as guilty if I didn't cooperate with how he wanted to proceed." (ECF No. 5, Amended Complaint, at ¶ 3). Defendant Hammer argues, *inter alia*, that Plaintiff's claim against him is barred by the doctrine of absolute judicial immunity. The Court agrees.

It is generally accepted that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged actions or inactions of Defendant Hammer were clearly taken in his judicial capacity and were within his jurisdiction. Accordingly, Plaintiff's claim against Defendant Hammer is

barred by the doctrine of absolute judicial immunity and should be dismissed.

Any request on the part of Plaintiff for leave to further amend his complaint to reassert his claims against Defendant Kallenbach and/or Defendant Hammer would be futile since the Court lacks subject matter jurisdiction over such claims and/or Plaintiff cannot state a claim upon which relief may be granted against either Defendant, in light of the foregoing legal defenses. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Miklavic v. USAir, Inc., 21 F.3d 551, 557-58 (3d Cir. 1994).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended the motions to dismiss filed by Defendant Kallenbach [ECF No. 23] and Defendant Hammer [ECF No. 26] be granted and that said Defendants be terminated from this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 23, 2017

cc: The Honorable Nora Barry Fischer
United States District Judge